UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIA CRUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:21-CV-06794 |
| v. | ) |
| | ) |
| ROBERT BOSCH AUTOMOTIVE | ) Judge Edmond E. Chang |
| STEERING, LLC and | ) |
| ROBERT BOSCH, LLC | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pia Cruz sued Robert Bosch Automotive Steering, LLC (Bosch Steering) and

Robert Bosch, LLC (Bosch LLC) in Illinois state court, alleging that they failed to

deduct money from an employee's income in violation of an Illinois state court child-

support order. R. 1-1, Compl.[1] The Defendants removed the case to federal court. R. 1,

Defs.' Notice of Removal.[2] The Defendants now move to dismiss the Complaint

against Bosch Steering for lack of personal jurisdiction and against both Defendants

for failure to state a claim. R. 29, Defs.' Mot. For the reasons explained below, both

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. Cruz voluntarily dismissed Robert Bosch Tool Corporation, who was originally named as a Defendant. R. 9, Joint Jurisdictional Mem. at 2; R. 10, Minute Entry 1/19/22.

[2]As the Court previously decided, the Court has diversity jurisdiction, 28 U.S.C. § 1332, because Cruz is a citizen of Illinois and Bosch Steering is an LLC whose sole member is Bosch LLC, and whose sole member in turn is Bosch NA, which is a corporation incorporated in Delaware with its principal place of business in Michigan, so there is complete diversity between the parties. R. 28, Order 8/16/23 at 4–6. The parties agree that the amount in controversy exceeds $75,000. *Id.* at 5; Compl. at 11.

motions are granted and the Complaint is dismissed, albeit without prejudice for now. Curz may file an amended complaint by October 18, 2024, if (and only if) she truly believes she can fix the defects in the Complaint.

## I. Background

In November 2020, an Illinois state court ordered Chad Clay to pay child support to Cruz for their minor child. Compl. ¶ 1. The state court ordered Bosch Steering, Clay's employer, to deduct $725.50 per month from Clay's paychecks for this child support. *Id.* ¶ 6. But Cruz alleges that Bosch Steering did not comply with the income-withholding order, resulting in this lawsuit. *Id.* ¶ 13. Cruz sued both Bosch Steering and Bosch LLC, the sole member of Bosch Steering, for violating Illinois' Income Withholding for Support Act. *Id.* ¶¶ 19–49. Bosch Steering moves to dismiss for lack of personal jurisdiction in the Northern District of Illinois. R. 29-1, Defs.' Br. at 5–8. Bosch LLC moves to dismiss for failure to state a claim, arguing that only Bosch Steering, and not Bosch LLC, is subject to the income-withholding order. *Id.* at 8–11. Both Defendants also move to dismiss for failure to state a claim because Michigan, and not Illinois, law applies to Cruz's enforcement of the income-withholding order. *Id.* at 11–13.

## II. Legal Standard

The plaintiff bears the burden of establishing that personal jurisdiction is proper when jurisdiction is challenged by the defendant. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). For personal-jurisdiction challenges, the operative rule is Federal Rule of Civil Procedure 12(b)(2). If material

facts are disputed, then the Court must consider the need for discovery and perhaps an evidentiary hearing to resolve the disputes. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Then, "the plaintiff must establish jurisdiction by a preponderance of the evidence," *Purdue Rsch. Found.*, 338 F.3d at 782, and "prove what it alleged," *Hyatt Int'l Corp.*, 302 F.3d at 713. This is in contrast to the normal rule for a motion to dismiss, under which "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Personal Jurisdiction

Bosch Steering argues that the Court does not have specific or general personal jurisdiction over the company because its principal place of business is in Michigan, it is incorporated in Delaware, and Cruz's allegations relate to Bosch Steering's activities in Michigan. Defs.' Br. at 5–8. A court has personal jurisdiction over a non-resident defendant if the forum state's long-arm statute permits service of process and the assertion of personal jurisdiction comports with due process. *See Hyatt Int'l Corp.*, 302 F.3d at 713. "The Illinois long-arm statute permits the exercise of personal jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (cleaned up). Thus, the relevant inquiry is "whether the exercise of personal jurisdiction would violate federal due process." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (cleaned up). To this end, it allows

4

courts to exercise personal jurisdiction over an out-of-state defendant only if that defendant has "sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700–01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014). General jurisdiction exists over out-of-state defendants "when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum State." *Id.* at 127 (cleaned up). The Court has specific jurisdiction when the defendant's in-state activities have "not only been continuous and systematic, but also gave rise to the liabilities sued on." *Id.* at 126 (cleaned up). For both types, a key issue is foreseeability: whether "the defendant's conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Bosch Steering argues that the Court lacks general jurisdiction over Bosch Steering because it is incorporated in Delaware, has its principal place of business in Michigan, and does not have any "continuous and systematic" affiliations with Illinois. Defs.' Br. at 6 (citing *Daimler AG*, 571 U.S. at 119). Bosch Steering offers evidence that it does not have any offices or employees in Illinois, is not registered to do business in Illinois, has no members that are residents of Illinois, and has no payroll operations in Illinois. *Id.*; *see* R. 4-3, Miklautsch Decl. ¶¶ 6–9. Cruz's sole allegation to support general jurisdiction over Bosch Steering is that Bosch LLC, Bosch

Steering's single member, is registered as a foreign limited liability corporation in Illinois, citing the Supreme Court's decision in *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023). R. 33, Pl.'s Resp. at 2. But unlike the Pennsylvania law at issue in that case, Illinois law does not require corporations registered as foreign limited liability corporations to agree to general jurisdiction in Illinois. *Compare Mallory*, 600 U.S. at 134 ("Pennsylvania law is explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations.") (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i)) *with Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 447 (Ill. 2017) (holding that "the fact that a foreign corporation has registered to do business under the [Business Corporation Act of 1983, 850 ILCS 5/1.01 *et seq.*] does not mean that the corporation has thereby consented to general jurisdiction over all causes of action"). Moreover, Cruz does not make any argument for why Bosch LLC's registration as a foreign limited liability corporation in Illinois should be considered when evaluating personal jurisdiction over Bosch Steering, a distinct corporate entity. *See* Compl.; Pl.'s Resp.

Bosch Steering also argues that specific jurisdiction is lacking because Bosch Steering does not have any "minimum contacts" with Illinois, let alone any contacts that are "directly relate[d]" to Cruz's claims. Defs.' Br. at 7–8. Bosch Steering alleges that its actions related to Cruz's claim all took place in Michigan, including Clay's employment and his receipt of income. *Id.* In support of these arguments, Bosch Steering offered the declaration of Robert Miklautsch, Bosch LLC's senior counsel,

6

who averred that Clay's work for Bosch Steering is "performed entirely within the State of Michigan." Miklautsch Decl. ¶ 10. Bosch Steering also cites the Illinois court's Order for Support, which lists Bosch Steering's Michigan address. R. 1-1, Compl., Exh. A at 14, 18 (PDF page number).  In response, Cruz merely states that "[i]t is both proper and just that Defendant be accountable to the injuries it has caused and for its actions it took in Illinois," but she does not identify any specific actions from Bosch Steering in Illinois. Pl.'s Resp. at 2. In the absence of any factual allegations from Cruz about Bosch Steering's contacts with Illinois, the Court must dismiss Cruz's claim against Bosch Steering for lack of personal jurisdiction.

### B. Failure to State a Claim

To govern child-support claims, the Uniform Interstate Family Support Act is a model law adopted by each State, including Illinois and Michigan, that "contemplates interstate cooperation to effect an expeditious collection of child support across state borders." *In re Marriage of Gulla & Kanaval*, 917 N.E.2d 392, 399 (Ill. 2009) (cleaned up); *see* 750 ILCS 28/1 *et seq.*; Mich. Comp. Laws § 552.2101 *et seq.* Bosch LLC argues that under either Michigan's or Illinois' version of the law, it is not an appropriate defendant in this case. Defs.' Br. at 8–11.

Cruz contends that Bosch LLC violated its duty to withhold child support from Clay's income and is liable under Illinois law, 750 ILCS 28/35, for penalties because it failed to do so. Compl. ¶¶ 19–49. That provision states that "[i]t shall be the duty of any payor who has been served with an income withholding notice to deduct and pay over income as provided in this Section." 750 ILCS 28/35. A "payor" is defined as

7

"any payor of income to an obligor." 750 ILCS 28/15(g). An "obligor" is defined as "the individual who owes a duty to make payments under an order for support." 750 ILCS 28/15(e). The Order for Support issued by the Illinois state court ordered Clay, "the obligor," to provide child support, and listed his employer as "Robert Bosch Automotive Steering, LLC" located at "15000 Haggerty Rd, Plymouth, MI 48170." Compl., Exh. A at 14, 18 (PDF page number). The order stated that "[a] Notice to Withhold Income shall be issued immediately and shall be served on the employer at the address listed in this Order." *Id.* at 14. Reading the statute and Order for Support together, Bosch Steering, and not Bosch LLC, is the "payor" with a duty to withhold income from Clay's paycheck. Cruz's complaint and response are devoid of any allegations that Bosch Steering and Bosch LLC are not separate corporate forms. *See* Compl.; Pl.'s Resp. Cruz has thus failed to state a claim against Bosch LLC under Illinois law because Bosch LLC is not Clay's employer and is not Clay's "payor" under the Order for Support.

Even if Michigan law applies to Cruz's Complaint, she still has failed to state a claim against Bosch LLC.[4] Under Michigan law, "[t]he court may find a source of income in contempt … if the source of income is served with a notice of income withholding and fails to comply with the notice …." Mich. Comp. Laws § 552.613. A

---

[4]Because the Court does not have personal jurisdiction over Bosch Steering and Cruz has failed to state a claim against Bosch LLC, the Court will not decide the question of penalties, and whether Illinois or Michigan law applies, at this stage of the litigation. *See* Defs.' Br. at 11–13. But for the parties' guidance, the Illinois Supreme Court's decision in *In re Marriage of Gulla & Kanaval* does support the Defendants' argument that—regardless of where the case continues—Michigan law penalties will apply to Cruz's claim because Bosch Steering is a Michigan employer. 917 N.E.2d at 400 (holding that according to the "reciprocal statutory scheme," the employer "must be penalized according to the law of its state").

"source of income" is defined as "an employer or successor employer, a labor organization, or another individual or entity that owes or will owe income to the payer." *Id.* § 552.602(ff). A "payer" is defined as "an individual who is ordered by the circuit court to pay support." *Id.* § 552.602(w). Michigan law provides that "[a]n employer that willfully fails to comply with an income-withholding order issued in another state and received for enforcement is subject to the same penalties that may be imposed for noncompliance with an order issued by a tribunal of this state." *Id.* § 552.2505. An "employer" is defined as "an individual, sole proprietorship, partnership, association, or private or public corporation, the United States or a federal agency, this state or a political subdivision of this state, another state or a political subdivision of another state, or another legal entity that hires and pays an individual for his or her services." *Id.* § 552.602(i). Again, in absence of any allegations from Cruz that Bosch Steering and Bosch LLC are not separate corporate forms, only Bosch Steering is the employer and source of income required to withhold income from Clay's paycheck under Michigan law. Cruz has thus failed to state a claim against Bosch LLC as a matter of both Illinois and Michigan law.

## IV. Conclusion

Bosch Steering's motion to dismiss for lack of personal jurisdiction is granted, and the dismissal is final (though the claim is not dismissed with prejudice, because the basis for the dismissal is jurisdictional). Cruz's claims against Bosch LLC are dismissed without prejudice and with leave to amend, though the Court is skeptical that there are good-faith factual allegations that would state a claim consistent with

9

this Opinion. Still, if Cruz chooses to file an amended complaint against Bosch LLC,

then it must be filed by October 18, 2024. If Cruz does not file an amended complaint,

then the dismissal will automatically convert to a dismissal with prejudice as to Bosch

LLC.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2024